```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT SEIDEL,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               09-CV-4027(JS)(WDW)
HOFFMAN FLOOR COVERING CORP. and
ANDREW HOFFMAN,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:    James Emmet Murphy, Esq.
                  Leonor H. Coyle, Esq.
                  Lloyd Robert Ambinder, Esq.
                  Virginia & Ambinder LLP
                  111 Broadway, 14th Floor
                  New York, NY 10006

For Defendants:   Joseph M. Labuda, Esq.
                  Jamie Scott Felsen, Esq.
                  Milman Labuda Law Group, PLLC
                  3000 Marcus Avenue, Suite 3W3
                  Lake Success, NY 11042
```

SEYBERT, District Judge:

Plaintiff Robert Seidel sued Defendants Hoffman Floor Covering Corp. ("HFC") and Andrew Hoffman (with HFC, "Defendants") for underpayment of wages and supplemental benefits. On July 29, 2011, the Court granted Plaintiff's request to withdraw his Fair Labor Standards Act and New York Labor Law claims with prejudice. (See Docket Entry 31.) Plaintiff also requested permission to withdraw his breach of contract claim without prejudice so that he could re-file it in state court; the Court denied this request. (See id.)

Plaintiff's only outstanding claim is the common law claim under New York law for underpayment of prevailing wages and supplemental benefits. (See Pl. Opp. 1.) Pending now before the Court is Defendants' motion for summary judgment (Docket Entry 36); for the following reasons, this motion is GRANTED.

BACKGROUND

The principal dispute in this case is whether Plaintiff was entitled to be paid the proper prevailing wage for time he spent working on "public works" projects pursuant to contracts that HFC allegedly made with various public entities. Plaintiff maintains that he was an intended third-party beneficiary of those contracts, which under New York Labor Law Section 220 ("Section 220") would have been required to contain a provision guaranteeing that each laborer on the project was paid a prevailing wage. Section 220 provides in relevant part:

> The wages to be paid for a legal day's work, as hereinbefore defined, to laborers, workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages as hereinafter defined. . . . ***Such contracts shall contain a provision*** that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, ***shall be paid the wages herein provided***.

N.Y. LABOR L. § 220(3)(a) (emphasis added). Among other things, Section 220 gives employees a statutory mechanism with which to initiate an administrative enforcement proceeding. See Wright

v. Herb Wright Stucco, Inc., 72 A.D.2d 959, 960, 422 N.Y.S.2d 253, 254 (4th Dep't 1979) (dissent), rev'd for reasons stated in dissent, 50 N.Y.2d 837, 407 N.E.2d 1348, 430 N.Y.S.2d 52 (1980); see also Yerry v. Goodsell, 4 A.D.2d 395, 398-399, 166 N.Y.S.2d 224, 229 (3d Dep't 1957), aff'd, 4 N.Y.2d 999, 152 N.E.2d 535, 177 N.Y.S.2d 514 (1958). "This legislation was enacted primarily to assist private employees in enforcing their rights against their employers inasmuch as their existing common law contractual rights entailed difficult issues of proof." Wright, 422 N.Y.S.2d at 254 (dissent).

Plaintiff worked for HFC from July 2006 until October 2008, during which time he mainly helped install epoxy floors. (Def. 56.1 Stmt. ¶¶ 6-7.) Some of this time appears to have been spent working on public-sector projects, including at garages owned by the New York City Department of Sanitation and at several volunteer fire department stations. (Murphy Decl. Exs. 2-3.) But although the parties took discovery in this case, Plaintiff has not identified any "public works" contracts to which HFC was a party.

## DISCUSSION

The Court first recites the legal standard applicable to summary judgment motions and then considers the substance of the parties' arguments.

I. <u>Legal Standard Governing Summary Judgment Motions</u>

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. F<small>ED</small>. R. C<small>IV</small>. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." <u>Nnebe v. Daus</u>, 644 F.3d 147, 156 (2d Cir. 2011); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997); <u>see also</u> F<small>ED</small>. R. C<small>IV</small>. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>McLee</u>, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. <u>Gallo v. Prudential Residential Servs., L.P.</u>, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing <u>Heyman v. Commerce & Indus. Ins. Co.</u>, 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," <u>LaBounty v. Coughlin</u>, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

II. Summary Judgment is Warranted

Plaintiff is suing to enforce HFC's alleged public works contracts on a third-party beneficiary theory. In New York, "[a] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." Madeira v. Affordable Hous. Found., Inc., 469 F.3d 219, 251 (2d Cir. 2006) (quoting State of Cal. Pub. Emps. Ret. Sys. v. Shearman & Sterling, 741 N.E.2d 101, 95 N.Y.2d 427 (2000) (internal quotation marks omitted)). And, New York law is clear that laborers may ordinarily assert third-party beneficiary claims to enforce the "prevailing wage" provision that Section 220 requires of public works contracts. See Cox v. NAP Constr. Co., 891 N.E.2d 271, 274, 10 N.Y.3d 592 (2008). But

5

because there is no evidence that Defendants contracted to pay its laborers a prevailing wage, the issue in this case is whether Plaintiff can maintain a breach of contract case even though he cannot point to a contract with a prevailing wage clause.  The Court thinks not.

Plaintiff chiefly argues that because Section 220 requires the prevailing wage provision to appear in public works contracts, it doesn't matter whether the prevailing wage language actually appeared in the contracts--i.e., whether HFC actually promised to pay its employees the prevailing wage for work performed on public projects.  (Pl. Opp. 9-10.)  The Court of Appeals has suggested otherwise, however.  In Fata v. S.A. Healy Co., the Court of Appeals held that a laborer could be considered an intended third-party beneficiary of a public works contract that included Section 220's prevailing wage provision, even though that provision had been included because of the statutory mandate and presumably not because of the contracting parties' largess.  46 N.E.2d 339, 341, 289 N.Y. 401 (1943).  In Fata, though, there was no dispute that a contract existed and that it contained the prevailing wage clause.  See id.  And, perhaps more importantly, the court assumed without deciding "that if the obligation of the defendant to pay wages not less than the prevailing rate existed only by fiat of the Legislature, the remedy provided by the Legislature for

6

violation of the obligation it has created would be exclusive." Id. at 340 (emphasis added) (internal quotation marks omitted); see also Ramos v. SimplexGrinnell LLP, 796 F. Supp. 2d 346, 365 n.13 (E.D.N.Y. 2011) (noting that Fata suggests that laborers may bring breach of contract cases only where the contract expressly included a prevailing wage clause). Further, in the years since Fata was decided, other New York courts have indicated that a breach of contract claim depends on the actual insertion of Section 220's prevailing wage language into the contract. See Maldonado v. Olympia Mech. Piping & Heating Corp., 8 A.D.3d 348, 350, 777 N.Y.S.2d 730, 731 (2d Dep't 2004) (workers on public projects "possess a cause of action against their employer to recover damages for breach of contract when the contract between the employer and the municipality expressly provides for the wages to be paid to such workers" (emphasis added) (citing Fata, 46 N.E.2d 339)); Jara v. Strong Steel Door, Inc., 20 Misc. 3d 1135(A), 872 N.Y.S.2d 691 (Table Decision), 2008 WL 3823769, at *4 (Kings Cnty. Sup. Ct. 2008) ("Where [Section 220's prevailing wage] provision is incorporated into a public works contract and a plaintiff alleges the specific provision of the contract requiring payment of prevailing wages and supplemental benefits, the worker becomes entitled to sue for those wages as a third-party beneficiary of the contract." (emphasis added)). In short, although Section 220 sets out what

7

HFC was <u>supposed to</u> promise in its public works contracts, Plaintiff needs to prove what HFC <u>actually</u> promised before he can prevail in a breach of contract case.

Plaintiff relies heavily on a more recent Court of Appeals case, <u>Cox v. NAP Construction Co.</u>, 891 N.E.2d 271, 10 N.Y.3d 592 (2008), to argue that Section 220, by itself, creates a contractual obligation regardless of whether an employer actually agreed to pay prevailing wages. (Pl. Opp. 8.) This argument is misplaced. <u>Cox</u> considered whether laborers could bring breach of contract claims to enforce contract wage provisions that had been included in the agreements as a result of the federal Davis-Bacon Act, 40 U.S.C. § 3141 <u>et seq</u>. <u>Cox</u>, 891 N.E.2d at 273. In concluding that they could, the court relied in part on <u>Fata</u>'s conclusion that contracts that include statutorily-mandated prevailing wage provisions are deemed "intended to benefit" laborers for the purposes of third-party beneficiary claims. See <u>id.</u> at 274-75. In <u>Cox</u>, as in <u>Fata</u>, there was no question that the defendants had entered into public works contracts that contained the prevailing wage provision in issue, <u>id.</u> at 273, and neither case addressed what happens where a plaintiff cannot prove that a promise to pay prevailing wages was actually made. As mentioned already, <u>Fata</u> suggested that a laborer in this situation is limited to his statutory remedies. See <u>supra</u> at 6-7.

8

Plaintiff's reliance on Mercado v. DeDe Construction Corp., No. 601811/2002 (N.Y. Cnty. Sup. Ct. Aug. 23, 2003),[1] to argue that a prevailing wage clause should be read into silent public works contracts is unpersuasive for two reasons. (See Pl. Opp. 9.) First, Mercado is distinguishable from the present case. There, the prime contract between DeDe Construction and the New York City School Construction Authority had a prevailing wage clause but the subcontract between DeDe and Pioneer Windows, Inc. did not. Pioneer moved for summary judgment, arguing that the plaintiffs were not the intended third-party beneficiaries of the subcontract. Mercado at 6. The Court rejected this argument in part because Pioneer's president admitted that Pioneer was contractually bound to pay its laborers a prevailing wage. Id. at 8. In the present case, however, Defendants have made no such concessions.

Second, to the extent that Mercado should be read as Plaintiff asserts, its conclusion rests on faulty logic. Mercado does arguably suggest that courts should read a prevailing wage provision into silent contracts. See id. at 7. In essence, the Mercado court concluded that because Section 220 was designed to help laborers enforce their rights without resorting to private contract actions, "[i]t would go against the whole purpose of the statute to hold that the

---

[1] Attached as Exhibit 1 to the Murphy Declaration.

subcontractors' employees, who did the actual work on the project, can be denied protection merely because the contractor and subcontractor" did not incorporate the prime contract's prevailing wage language in the subcontract. Mercado at 7. This rationale misses the mark because a rule limiting contract claims to cases where there was an actual agreement to pay prevailing wages does not deny laborers all of the protections afforded them by Section 220. Those laborers may avail themselves of Section 220's statutory enforcement mechanism, as the Court of Appeals suggested in Fata.

In awarding Defendants summary judgment, the Court notes that Magistrate Judge Steven M. Gold recently considered a very similar issue in Ramos v. SimplexGrinnell LP, 796 F. Supp. 2d 346 (E.D.N.Y. 2011). In Ramos, which also involved third-party breach of contract prevailing wage claims, the court addressed whether the plaintiffs could survive summary judgment notwithstanding their inability to offer the labor contracts into evidence. Id. at 362. Relying on Section 220 and Federal Rule of Evidence 1004, Judge Gold concluded that the plaintiffs could prevail without the contracts and that they could prove the contents of the contracts through other means. The thorough decision relies on, among other things, the fact that Section 220 requires all public works contracts to contain prevailing wages clauses and that Rule 1004 permits a party to use

10

secondary evidence to prove the contents of a writing where the writing "is not closely related to a controlling issue," FED. R. EVID. 1004(d). Ramos, 796 F. Supp. 2d at 362-67. Recognizing that it seemed strange to hold that the existence of a contract is merely collateral to a breach of contract claim, Judge Gold thought it was relevant that there was no dispute that the alleged contracts were, in fact, "public works" contracts or that the defendant was required to pay prevailing wages for at least some of the work done on these projects. Id. at 364. Thus Ramos and this case are significantly different. Here, these issues are disputed, and they are precisely what the contracts would resolve if they were offered.

Because there is no evidence that Defendants actually agreed to pay its workers a prevailing wage, Plaintiff cannot maintain a breach of contract action. See, e.g., Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC, 760 F. Supp. 2d 384, 397 (S.D.N.Y. 2011) (noting that a plaintiff must establish mutual assent to all material terms of a deal). He is limited to the statutory enforcement mechanisms under Section 220 or other laws.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Docket Entry 31) is GRANTED. The Clerk of the Court is respectfully directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  26 , 2012
       Central Islip, New York